**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA RUIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| PALOS COMMUNITY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, MARIA RUIZ, by and through her attorneys, THE COFFEY LAW OFFICE, P.C., states as and for her Complaint against Defendant PALOS COMMUNITY HOSPITAL, as follows:

### Nature of Case

1.       Plaintiff brings this action against Defendant to recover damages proximately caused by Defendant's illegal discrimination, failure to accommodate, and retaliation in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. 12101 *et seq.* (the "ADA"), and Defendant's illegal retaliatory termination of his employment and failure to rehire or recall to active service in violation of the Illinois Worker's Compensation Act, 820 ILCS § 305/1 *et seq.*, and the public policy of the State of Illinois.

### Jurisdiction and Venue

2.       This Court has original jurisdiction over Plaintiff's ADA claims under 28 U.S.C. §§ 1331, 1337, and 1343.

3.      This Court has supplemental jurisdiction over Plaintiff's state law retaliatory discharge claim pursuant to 28 U.S.C. 1367(a).

4.      Venue is proper in this Court in that Defendant's illegal acts complained of herein took place within the geographical boundaries of this Court's jurisdiction.

5.      On June 2, 2016, Plaintiff timely filed a charge of illegal disability discrimination, including failure to accommodate her disability, and retaliation against Defendant with the local district office of the EEOC, Charge No. 440-2016-04366.

6.      On December 21, 2016, the EEOC issued a Notice of Right to Sue in connection with Plaintiff's Charge No. 440-2016-04366, a copy of which is attached hereto.   This Complaint has been filed within 90 days of Plaintiff's receipt of this Notice.

## The Parties

7.      Plaintiff, MARIA RUIZ (hereafter "Maria"), is an individual residing within the jurisdictional boundaries of this Court.

8.      Defendant, PALOS COMMUNITY HOSPITAL (hereafter "PCH"), is a domestic non-profit corporation licensed to do business in Illinois, and conducting a significant business in Palos Heights, Illinois, within the geographical boundaries of this Court, Illinois, where its illegal activities described below took place.

9.      At all relevant times, PCH employed in excess of 50 employees at its Palos Heights, Illinois, facility and was thus an employer and covered entity as defined under the ADA.

## Relevant Facts

10.     Maria started employment with PCH in or around February 2003.

11.     Maria's position throughout her employment with PCH was Food Service

2

Aide.

12.     At all relevant times, Maria's work performance met or exceeded PCH's legitimate expectations.

13.     On May 13, 2014, while employed by and working for PCH, Maria was involved in a workplace accident and sustained injuries.

14.     She thereafter received medical treatment and physical therapy, and returned to work with medical work restrictions.

15.     Maria's condition deteriorated throughout the Summer and Fall 2014, and by October it was determined that she could no longer work and needed surgery.

16.     In the Fall of 2014, Maria retained a workers' compensation attorney and filed an Application for Adjustment of Claim against PCH with the Illinois Workers Compensation Commission, IWCC Case No. 14 WC 36349, in connection with her May 13, 2014, workplace accident and injures.

17.     In late April 2015, PCH notified Maria by letter that it would terminate her employment effective April 30, 2015.

18.     In late April 2015, Maria met with PCH's Manager of Compensation and Benefits, discussed her upcoming May surgery and requested that PCH allow her to remain on leave while she had surgery and recovered therefrom, and then allow her to return to work once she was released by her doctor.   Maria was told that her benefits had run out, that she did not qualify for FMLA; but, that she would be able to apply for open positions when she was able to return to work.

19.     In May 2015, Maria had the necessary surgery and thereafter went through intensive therapy, including work conditioning, and medical treatment to recover

therefrom.

20.     In mid-June 2015, Maria received from PCH another termination letter which was an exact duplicate of the April letter, except this one stated that PCH would terminate her employment effective June 27, 2015.

21.     In December 2015, Maria underwent a functional capacity evaluation, and it was determined that she could return to work fully duty in her former Food Service Aide position.   PCH was given notice of Maria's FCE results and my release back to work full duty.

22.     In December 2015 and then again in the April 2016, Maria applied to return to work in various positions for PCH.

23.     To date, PCH has not contacted Maria about returning to work in her former position, or any other position, and has not responded to Maria's applications to return to work.

**Count I: Disability Discrimination, Including Failure to Accommodate,
in Violation of the ADA**

24.     Maria restates and fully incorporates into Count I her allegations set forth in Paragraphs 1 through 23, above.

25.     The ADA makes it unlawful for an employer such as PCH to discriminate against a qualified individual on the basis of a disability in regard to discharge of employees, employee compensation, job training and other terms, conditions and privileges of employment, including a failure to make reasonable accommodations to the known physical and mental limitations of an employee who is otherwise a qualified individual with a disability. See 42 U.S.C. § 12112(a) and (b).

26.     At the relevant times, Maria was "disabled" as defined under the ADA.

4

27.     At the relevant times, MARIA was a "qualified individual" as defined under the ADA.   See 42 U.S.C. § 12111(8).

28.     As described above, PCH could have provided Maria with a reasonable accommodation without undue hardship which would have allowed her to stay employed by it and/or to return to work for it.

29.     As described above, PCH terminated Maria's employment because of her disability.

30.     As described above, from December 2015 to date, PCH could have recalled/rehired/returned Maria back to work in her former position or an equivalent position without undue hardship.

31.     As described above, PCH failed to engage in an interactive process to identify potential available positions and/or work adjustments that would have allowed Maria to return to work from December 2015 to date.

32.     PCH has treated similarly-situated, non-disabled employees more favorably than Maria.

33.     As a direct and proximate result of PCH's illegal discrimination against Maria and failure to recall/rehire/return her to work as described above, she has lost income in the form of wages, social security and other benefits, and has suffered emotional and physical pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and she is expected to incur future damages.

34.     PCH knew that its acts as described above were prohibited by the ADA, or acted with reckless disregard to that possibility.   PCH should therefore be subject to punitive damages as an example to deter others from engaging in conduct of this kind.

## Count II: Retaliation in Violation of the ADA

35.    Maria restates and fully incorporates into Count II her allegations set forth in Paragraphs 1 through 23, above.

36.    The ADA prohibits employers from retaliating against employees who assert their right under the act to be free from discrimination prohibited by the ADA, and from coercing, intimidating, threatening or interfering with an employee's exercise of an ADA right.   See 42 U.S.C. §§ 12203(a) and (b).

37.    As described above, Maria engaged in activities protected by the ADA including requesting accommodation to return her to work.

38.    PCH took the above-described acts and omissions against Maria and failed and refused to return/recall/rehire her to work because of her ADA-protected activity in violation of the ADA.

39.    PCH treated similarly-situated, non ADA-protected employees more favorably than Maria.

40.    As a direct and proximate result of PCH's illegal retaliation against Maria and failure to recall/rehire/return her to work as described above, she has lost income in the form of wages, social security and other benefits, and has suffered emotional and physical pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and she is expected to incur future damages.

41.    PCH knew that its acts as described above were prohibited by the ADA, or acted with reckless disregard to that possibility.   PCH should therefore be subject to punitive damages as an example to deter others from engaging in conduct of this kind.

## Count III: Retaliatory Discharge in Violation
## of the IWCA and Common Law

42.     Maria restates and fully incorporates into Count III her allegations set forth

in Paragraphs 1 through 23, above.

43.     Section 4(h) of the IWCA states:

It shall be unlawful for any employer, insurance company or service or adjustment
company to interfere with, restrain or coerce an employee in any manner
whatsoever in the exercise of the rights or remedies granted to him or her by this
Act or to discriminate, attempt to discriminate, or threaten to discriminate against
an employee in any way because of his or her exercise of the rights or remedies
granted to him or her by this Act.

It shall be unlawful for any employer, individually or through any insurance
company or service or adjustment company, to discharge or to threaten to
discharge, or to refuse to rehire or recall to active service in a suitable capacity an
employee because of the exercise of his or her rights or remedies granted to him or
her by this Act.   820 ILCS § 305 (4)(h).

44.     Maria retaining counsel, filing workers' compensation claims with the IWCC,

and seeking medical treatment in connection with her May workplace accident and

injuries as detailed above, are activities protected by Illinois common law and the IWCA.

45.     PCH was aware of Maria's IWCA-protected activities, and decided to

discharge her and refuse to rehire/recall her to work within a short time of becoming

aware.

46.     As described above, PCH took the aforementioned job actions against

Maria including denying her workers' comp claims because of her IWCA-protected

activities.

47.     As also described above, on March 14, 2014, PCH discharged Maria

because of her IWCA-protected activities.

7

48.     As described above, from December 2015 to date, PCH failed to recall/rehire/return Maria back to work because of her IWCA-protected activities.

49.     PCH's discharge of Maria and subsequent failure to recall/rehire/return her to work violate the IWCA and Illinois common law.

50.     PCH treated similarly-situated, non IWCA-protected employees more favorably than Maria.

51.     As a direct and proximate result of PCH's illegal retaliatory discharge of Maria, and failure to recall/rehire/return her to work as described above, she has lost income in the form of wages, social security and other benefits, and has suffered emotional and physical pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and she is expected to incur future damages.

52.     The above-described conduct by PCH was willful and wanton, and with reckless disregard and indifference to Illinois common law and the IWCA, and to Maria's rights thereunder.   PCH should therefore be subject to punitive damages as an example to deter others from engaging in conduct of this kind.

## Prayer for Relief (as to all Counts)

**WHEREFORE**, Plaintiff MARIA RUIZ, respectfully requests that this Court enter judgment in her favor and against Defendant, PALOS COMMUNITY HOSPITAL ("PCH"), as follows:

A.     Order PCH to make MARIA whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.     Order PCH to immediately reinstate MARIA to her former position or another suitable position consistent with any medical restrictions she may have; or, in the alternative, order PCH to pay MARIA an appropriate amount of front pay;

C.      Order PCH to pay MARIA compensatory damages in the maximum amount allowable under the law;

D.      Order PCH to pay MARIA punitive damages in the maximum amount allowable under the law.

E.      Order PCH to pay MARIA's costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

F.      Try all issues of fact to a jury; and,

G.      Grant such other relief as the Court deems just.

Respectfully submitted,
Plaintiff, MARIA RUIZ,


By:     /s/ Timothy J. Coffey
        Timothy J. Coffey, Esq.
        THE COFFEY LAW OFFICE, P.C.
        Attorneys for MARIA RUIZ
        1805 North Mill Street
        Suite E
        Naperville, IL 60563
        (630) 326-6600

9